UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No.   6:21-cv-1024<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT
AGAINST GOOGLE LLC

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Sonrai Memory Limited ("Plaintiff" or "Sonrai") makes the following allegations against Defendant Google LLC ("Defendant" or "Google"):

INTRODUCTION

1. This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Plaintiff, which relates to improvements in electronic circuitry in computing devices and processors: United States Patent Nos. 8,193,792 ("'792 Patent" or the "Asserted Patent").

PARTIES

2. Plaintiff Sonrai Memory Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Sonrai is the sole owner by assignment of all right, title, and interest in the Asserted Patents.

1

3.      Google LLC is a wholly-owned subsidiary of Alphabet, Inc, and a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Google LLC may be served with process through its registered agent, the Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701. Google LLC is registered to do business in the State of Texas and has been since at least November 17, 2006.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

5.      This Court has personal jurisdiction over Google in this action because Google has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice. Google, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Google is registered to do business in Texas. Additionally, upon information and belief, Google has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Google has at least one regular and established place of business

in the District. For example, Google invested $20 million to build a corporate office at 500 West 2nd Street, Austin, Texas 78701.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,193,792

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,193,792, entitled "Circuit and method for operating a circuit." The '792 Patent was duly and legally issued by the United States Patent and Trademark Office on June 5, 2012. A true and correct copy of the '792 Patent is attached as Exhibit 1.

9. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation servers and services utilizing Intel processors with Fully Integrated Voltage Regulators (*e.g.*, Google Cloud and associated servers) ("Accused Instrumentalities"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '792 Patent.

10. Defendant also knowingly and intentionally induces infringement of one or more claims of the '792 Patent in violation of 35 U.S.C. § 271 (b). Through the filing and service of this Complaint, Defendant has had knowledge of the '792 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '792 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '792 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale,

sell, and/or import the Accused Instrumentalities, despite its knowledge of the '792 Patent, thereby specifically intending for and inducing its customers to infringe the '792 Patent through the customers' normal and customary use of the Accused Instrumentalities.

11. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '792 Patent. A claim chart comparing exemplary independent claims 1 and 10 of the '792 Patent to representative Accused Instrumentalities is attached as Exhibit 2 and incorporated by reference herein.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '792 Patent pursuant to 35 U.S.C. § 271.

13. As a result of Defendant's infringement of the '792 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Google has infringed, either literally and/or under the doctrine of equivalents, the '792 Patent;

b. A permanent injunction prohibiting Google from further acts of infringement of the '792 Patent;

c. A judgment and order requiring Google to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Google's infringement of the '792 Patent; and

d. A judgment and order requiring Google to provide an accounting and to pay

supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

  e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Google; and

  f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

  Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: October 1, 2021    Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Sonrai Memory Limited***